## WILLIAM H. MITCHELL v. B. F. JONES.

FILED MAY 2, 1895.   No. 5450.

1. Physician: EVIDENCE OF EMPLOYMENT: REVIEW. Where the sole question contested was whether or not plaintiff in error had employed the defendant in error as a physician to render needed services for the daughter of plaintiff in error, who was at the time over eighteen years of age, the verdict of the jury upon conflicting evidence will not be disturbed on error proceedings in this court.

ERROR from the district court of Buffalo county. Tried below before HAMER, J.

*Frank E. Beeman,* for plaintiff in error.

*Greene & Hostetler, contra.*

RYAN, C.

The defendant in error recovered against the plaintiff in error a judgment for the sum of $5 in the district court of Buffalo county for services as a physician rendered at the

instance of the plaintiff in error for his daughter. The defense was that this daughter, when the alleged services were rendered, was over eighteen years of age and was supporting herself. and was alone responsible for medical services rendered on her behalf. There was also pleaded in the answer a counter-claim in the sum of $20, being the amount due for the use of a horse, carriage, and driver furnished the defendant in error, for which it was alleged he had agreed to pay. There was a reply in denial of all the averments of the answer. There was sufficient evidence to sustain a much larger recovery than was had. Indeed, the verdict could properly have been as small as it was, only upon the theory that there was something allowed by reason of the counter-claim pleaded in the answer.

The daughter of the plaintiff in error, at the time the services were rendered in her behalf, was sick at the house of her father, distant about eighteen miles from Kearney. It seems from the evidence of Mr. Mitchell, the plaintiff in error, that he was in Kearney when he learned that his daughter required the services of a physician. He testified, at any rate, that upon receiving information of the condition of his daughter, he went out to hunt a physician for her; that he went to Mr. Wells to get a team to take a physician out with him, and by Mr. Wells was referred to Dr. Jones, the defendant in error; that Mr. Mitchell said that he did not know Dr. Jones, and Mr. Wells answered that he would go over to Mr. Baker's to telephone and see if Dr. Jones would go. Mr. Mitchell assented to this, as he testified, simply by going with Mr. Wells to the telephone suggested. At the telephone Mr. Wells told Mr. Mitchell that Dr. Jones would go. Mr. Wells sent a driver with the team he furnished and thereby Mr. Mitchell and Dr. Jones together were taken to the place where the doctor had been by Mr. Wells requested to go. Mr. Mitchell testified that nothing was said by him to Dr.

Jones about the employment of the latter, and that he himself expected his daughter to pay the bill of the physician. There were, however, two witnesses who testified that they had heard Mr. Mitchell admit, on another occasion while being examined as a witness, that he himself employed Dr. Jones to render the services which, for his daughter, were rendered. The counter-claim pleaded in the answer was for the hire of the team and driver with which Dr. Jones and Mr. Mitchell made the above described trip. This bill Mr. Mitchell claimed in his testimony, he had incurred, and the amount of it, he had paid to Mr. Wells. If Mr. Mitchell really believed that his daughter should pay the expenses incident to receiving medical assistance, it would seem that he would have required her and not the doctor to reimburse him to the amount of this outlay. There was sufficient evidence as to the value of the services rendered, and in all other respects to sustain the verdict, and it is unnecessary to state it at all in detail. There has, however, been given such a summary of the proofs adduced as seems to justify the court in saying by its instruction to the jury that "if defendant so conducted himself that the plaintiff had reason to believe that the defendant purposed to pay for his services, you will allow him what they are reasonably worth." The judgment of the district court is

AFFIRMED.